DAVID M. GAOUETTE
United States Attorney

AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 616-3164
Facsimile:   (202) 307-0054
Email: Aaron.M.Bailey@usdoj.gov
Attorney for the United States

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO


Civil Action No. _____

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CHARLES W. LEDFORD,  individually and as Trustee of
DOS MILAGROS TRUST II;
LORAINE LEDFORD;
DOS MILAGROS TRUST II; TED PHILLIPS;
CAROL PHILLIPS:
and PARK STATE BANK & TRUST


     Defendants.

_____

### COMPLAINT TO FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY
_____

The United States of America, by its undersigned attorneys, complains and alleges as

follows:

## INTRODUCTION

1.      This a civil action brought by the United States to foreclose federal tax liens on two real properties.

2.      This action is being commenced pursuant to 26 U.S.C. §§ 7401, 7402 and 7403(a), at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1340 and 1345, and pursuant to 26 U.S.C §§ 7402 and 7403.

4.      Venue for this action is proper in the District of Colorado pursuant to 28 U.S.C. §§ 1391 and 1396 because defendants Charles W. Ledford and Loraine Ledford reside within this judicial district the real properties which are the subject of the foreclosure claims are located within this judicial district.

5.      On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of Treasury made timely assessments against Charles W. Ledford for unpaid federal income taxes as follows:*

| Tax Type/Period | Assessed Total | Initial Assessment Date | Balance Due** |
|---|---|---|---|
| 1040 / 1993 | $604,953.80 | 6/22/1998 | $713,326.26 |
| 1040 / 1994 | $309,219.06 | 6/22/1998 | $613,214.38 |
| 1040 / 1995 | $655,798.90 | 6/22/1998 | $775,990.15 |
| 1040 / 1998 | $3,833.30 | 2/13/2006 | $4,819.62 |
| 1040 / 1999 | $1,770.79 | 2/20/2006 | $2,223.35 |

| | | | |
|---|---|---|---|
| 1040 / 2001 | $4,730.01 | 3/06/2006 | $5,963.86 |
| 1040 / 2002 | $934.64 | 9/12/2005 | $1,270.31 |
| Civil Penalty / 1983 | $0.00 | 5/13/1996 | $585.48 |
| Civil Penalty / 1984 | $500.00 | 5/13/1996 | $1,255.26 |
| Civil Penalty / 1985 | $500.00 | 5/13/1996 | $1,255.26 |
| Civil Penalty / 1986 | $500.00 | 5/13/1996 | $1,255.26 |
| Civil Penalty / 1987 | $500.00 | 5/13/1996 | $1,255.26 |
| Civil Penalty / 1988 | $500.00 | 5/13/1996 | $1,255.26 |
| Civil Penalty /1989 | $500.00 | 5/13/1996 | $1,255.26 |
| Civil Penalty / 1990 | $500.00 | 5/13/1996 | $1,255.26 |
| Civil Penalty / 1991 | $500.00 | 5/13/1996 | $1,255.26 |
| Civil Penalty / 1992 | $500.00 | 5/13/1996 | $1,255.26 |

*All assessments set forth in paragraphs 5 and 6 were subsequently reduced to Judgment, as set forth in greater detail in paragraph 12 below.

** Balances calculated through July 1, 2009.

6.      On the dates, in the amounts, and for the tax periods set forth below, a delegate of the Secretary of Treasury made timely assessments against Loraine Ledford for unpaid federal income taxes as follows:

| Tax Type/Period | Assessed Total | Initial Assessment Date | Balance Due*** |
|---|---|---|---|
| 1040 / 1993 | $322,945.78 | 6/22/1998 | $716,725.96 |
| 1040 / 1994 | $470,489.43 | 6/22/1998 | $594,403.20 |
| 1040 / 1995 | $544,439.80 | 6/22/1998 | $691,029.00 |

*** Balances calculated through July 1, 2009.

7.      Defendants Charles W. Ledford and Loraine Ledford were indicted by a federal

3

grand jury on October 4, 2004 on charges, inter alia, of conspiring to defraud the United States

by impeding the Internal Revenue Service in its lawful duties.

8.      Subsequent to his indictment, Charles W. Ledford entered into a plea agreement

on March 25, 2005 by which he admitted guilt under 18 U.S.C. § 371 for conspiracy to commit

tax fraud for tax years 1992 through 2002.

9.      Pursuant to this plea agreement, Charles W. Ledford also admitted to creating at

least 18 fraudulent "trusts," including Service Engineering Trust.   In actuality, the defendants

Loraine and Charles W. Ledford exercised control over these sham trusts in order to hide assets

from the Internal Revenue Service.  Ledford admitted that, *inter alia*, the Meadow Gate Trust,

the Wildflower Trust, the Mariposa Trust the Aspen Leaf Trust, the Willow Brook Trust, and the

Dos Milagros Trust were all nominees created by the Taxpayers.

10.      On July 25, 2007, the United States filed a Complaint in this Court seeking to

reduce certain tax assessments against Charles Ledford, Lorraine Ledford, and Service

Engineering Trust to judgment ("Ledford I") (Civil Case No. 1:07-01568-WYD-KMT).

11.      On March 3, 2010, the Court entered an Order adopting the findings of the

Magistrate Judge and granting the United States motion for summary judgment in Ledford I.

12.      On March 11, 2010, the Court entered a Judgment reducing to judgment the tax

assessments, as set forth above, for Charles Ledford in the amount of $2,002,158.16 for

individual income tax liabilities for the tax years 1993, 1994, and 1995 against Loraine Ledford

and the amounts of $12,552.60 for civil tax penalties for tax years 1983 through 1992,

$14,277.14 for individual income tax liabilities for the tax years 1998, 1999, 2001, and 2002,

and  $2,102,530.79 for individual income tax liabilities for the tax years 1993, 1994, and 1995

against Charles Ledford with interest on each amount accruing on the total amount until paid in full.

## IDENTIFICATION OF DEFENDANTS AND BACKGROUND

13.     Defendant Charles W. Ledford, a/k/a "Charles William: Ledford," resides within the jurisdiction of this Court.  Charles W. Ledford, a/k/a "Charles William: Ledford," has an interest in the real property described below upon which the United States seeks to foreclose its liens.

14.     Defendant Loraine Ledford, the wife of defendant Charles W. Ledford, resides within the jurisdiction of this Court.  Loraine Ledford may claim a beneficial interest in the real properties described below upon which the United States seeks to foreclose its liens.

15.     Defendant Dos Milagros Trust II is named pursuant to 26 U.S.C. § 7403(b) because it may claim  some right, title, or interest in a subject property. Upon information and belief, Dos Milagros Trust II, a nominee or alter ego of the Charles and Loraine Ledford, acquired its current alleged interest subsequent to the filing of the United States' Notices of Federal Tax Lien on November 20, 2000 and September 11, 2006.

16.     Defendants Ted Phillips and Carol Phillips husband and wife reside within the jurisdiction of this Court and are named as defendants pursuant to 26 U.S.C. § 7403 because they may claim  some right, title, or interest in a subject property.  Upon information and belief, the Phillips acquired this alleged interest subsequent to the filing of the United States' Notices of Federal Tax Lien on November 20, 2000.

17.     Defendant Park State Bank and Trust is named as a defendant pursuant to 26 U.S.C. § 7403 because it may claim  some right, title, or interest in a subject property.

## THE SUBJECT PROPERTIES

18.     The real properties that are the subject of this action are located at 168 Fetlock

Circle, Florissant, CO 80816 (hereinafter the "Parcel 1")  and 95 Fetlock Circle, Florissant, CO

80816 (hereinafter the "Parcel 2"). Both properties are in the County of Teller in the State of

Colorado and are more particularly described as follows:

Subject Property 1:

> Lots 19, 20, 21, and 37, Ranch Resorts of Colorado Subdivision
> Filing No. 2, County of Teller, State of Colorado

Subject Property 2:

> Lots 18, Ranch Resorts of Colorado Subdivision Filing No. 2,
> County of Teller, State of Colorado

## TRANSFERS OF PARCEL 1

### Lot 19

19.     On February 23, 1994, Meadow Gate Trust purchased Lot 19 from Arthur P.

Garner, III and Patricia A. Garner via a warranty deed recorded with the Clerk and Recorder,

Teller County on March 3, 1994.

20.     On June 12, 1998, Donald Piano, as trustee of the Meadow Gate Trust, transferred

Lot 19 to Charles William Ledford and Loraine Ledford, via a warranty deed recorded with the

Clerk and Recorder, Teller County.

21.     On February 5, 1999, Charles William Ledford and Loraine Ledford  transferred

Lot 19 to the Dos Milagros Trust, in exchange for stated consideration of $21.00 of gold and

silver, via a warranty deed recorded with the Clerk and Recorder, Teller County on February 10,

1999.

22.     On February 4, 2000, Dos Milagros Trust conveyed Lot 19 to Charles William: Ledford and Loraine: Ledford in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded on with the Clerk and Recorder, Teller County, on February 4, 2000.

23.     On December 27, 2000, Charles William: Ledford and Loraine: Ledford transferred Lot 19 to Dos Milagros Trust II in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County.

**Lot 20**

24.      On April 14, 1994, Wildflower Trust purchased Lot 20 from Jon E. Smith, Judy A. Smith, John H. Warren, and Beverly A. Warren via a warranty deed recorded with the Clerk and Recorder, Teller County.

25.     On June 12, 1998, Donald Piano, as trustee for the Wildflower Trust, transferred Lot 20 to Charles William: Ledford and Loraine: Ledford via a warranty deed recorded with the Clerk and Recorder, Teller County.

26.     On February 10, 1999, Charles William: Ledford and Loraine: Ledford transferred Lot 20 to the Dos Milagros Trust for stated consideration of $21.00 of gold and silver via a warranty deed recorded with the Clerk and Recorder, Teller County.

27.      On February 4, 2000, Dos Milagros Trust conveyed Lot 20 to Charles William: Ledford and Loraine: Ledford in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded on with the Clerk and Recorder, Teller County, on February 4, 2000.

28.     On December 27, 2000, Charles William: Ledford and Loraine: Ledford

transferred Lot 20 to Dos Milagros Trust II in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County.

**Lot 21**

29.     On November 16, 1993,  Mariposa Trust purchased Lot 21 from George F. Wright via a warranty deed recorded with the Clerk and Recorder, Teller County.

30.     On June 12, 1998, The Mariposa Trust transferred Lot 21 to Charles and Loraine Ledford via a warranty deed recorded with the Clerk and Recorder, Teller County.

31.     On February 10, 1999, Charles William: Ledford and Loraine: Ledford transferred Lot 20, 21, and 37 to the Dos Milagros Trust for stated consideration of $21.00 of gold and silver via a warranty deed recorded with the Clerk and Recorder, Teller County.

32.     On February 4, 2000, Dos Milagros Trust conveyed Lot 21 to Charles William: Ledford and Loraine: Ledford in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded on with the Clerk and Recorder, Teller County, on February 4, 2000.

33.     On December 27, 2000, Charles William: Ledford and Loraine: Ledford transferred Lot 21 to Dos Milagros Trust II in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County.

**Lot 37**

34.     On December 28, 1993, Marion E. Gruber transferred Lot 37 to the Aspen Leaf Trust via a warranty deed recorded with the Teller County, Clerk and Recorder.

35.     On June 12,1998, Donald John: Piano, as trustee for the Aspen Leaf Trust

transferred Lot 37 to Charles William: Ledford and Loraine: Ledford via a warranty deed recorded with the Teller County, Clerk and Recorder.

36.     On February 10, 1999, Charles William: Ledford and Loraine: Ledford transferred Lot 37 to the Dos Milagros Trust for stated consideration of $21.00 of gold and silver via a warranty deed recorded with the Clerk and Recorder, Teller County.

37.     On February 4, 2000, Dos Milagros Trust conveyed Lot 37 to Charles William: Ledford and Loraine: Ledford in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded on with the Clerk and Recorder, Teller County, on February 4, 2000.

38.     On December 27, 2000, Charles William: Ledford and Loraine: Ledford transferred Lot 37 to Dos Milagros Trust II in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County.

## **TRANSFERS OF PARCEL 2**

39.     On February 24, 1994, Stephen and Marcella Kecskes sold Lot 18 to the Willow Brook Trust via a warranty deed recorded with the Clerk and Recorder, Teller County on March 3, 1994.

40.     On June 12, 1998, Donald John Piano, as trustee of the Willow Brook Trust, conveyed Lot 18 to Charles William: Ledford and Loraine: Ledford  for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County on June 12, 1998.

41.     On February 5, 1999, Charles William: Ledford and Loraine: Ledford  transferred Lot 18 to Dos Milagros Trust in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County, on February 10, 1999.

42.      On February 4, 2000, Charles William Ledford, as trustee of the Dos Milagros Trust conveyed Lot 18 to Charles William: Ledford and Loraine: Ledford  in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County, on February 4, 2000.

43.      On December 27, 2000, Charles William: Ledford and Loraine: Ledford transferred Lot 18 to Dos Milagros Trust II in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County on December 27, 2000.

44.      On June 21, 2001, the Dos Milagros Trust II transferred Lot 18 to Ramon and Carmen Pacheco, the parents of Loraine Ledford, in exchange for stated consideration of $21.00 of gold and silver, via a warranty deed recorded with the Clerk and Recorder, Teller County on June 21, 2001.

45.      On December 31, 2002, Ramon and Carmen Pacheco transferred Lot 18 to the Pacheco Family Trust via a warranty deed recorded with the Clerk and Recorder, Teller County on January 3, 2003.

46.      On April 24, 2007, Ted Douglas Phillips and Carol Louise Phillips executed a deed of trust in favor of Park State Bank & Trust secured by a lien against Lot 18 in the amount of $131 ,343.00.

47.      On April 25, 2007, the Pacheco Family Trust transferred Lot 18 to Ted Douglas Phillips and Carol Louise Phillips for $245,000.00 via a warranty deed recorded with the Clerk and Recorder, Teller County, on May 3, 2007.

## COUNT 1:
## FORECLOSURE OF FEDERAL TAX LIENS ON PARCEL 1

48.     The United States restates and realleges paragraphs 1 through 47 as if fully set forth herein.

49.     Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of assessments set forth in paragraphs 5 and 6 above and attached to all property and rights to property of defendants Charles W. Ledford, Loraine Ledford and Service Engineering Trust, including the real property identified in paragraph 18 above.

50.     On November 20, 2000, the IRS filed a Notice of Federal Tax Lien with the Teller County Clerk and Recorder in Cripple Creek, Colorado against Charles W. Ledford for unpaid income tax liabilities (Form 1040) for the 1992 through 1995 tax years, and for unpaid civil tax penalties assessed under 26 U.S.C. § 6702 for filing frivolous tax returns for the 1983 through 1993 tax years.

51.     On November 20, 2000, the IRS filed a Notice of Federal Tax Lien with the Teller County Clerk and Recorder in Cripple Creek, Colorado against Loraine Ledford for unpaid income tax liabilities (Form 1040) for the 1992 through 1995 tax years, and for unpaid civil tax penalties assessed under 26 U.S.C. § 6702 for filing frivolous tax returns for the 1983 through 1993 tax years.

52.     On November 28, 2005, the IRS re-filed a Notice of Federal Tax Lien with the Teller County Clerk and Recorder in Cripple Creek, Colorado against Charles W. Ledford for unpaid civil tax penalties assessed under 26 U.S.C. § 6702 for filing frivolous tax returns for the 1983 through 1988 tax years.

53.     On September 11, 2006, the IRS filed a Notice of Federal Tax Lien with the Teller County Clerk and Recorder in Cripple Creek, Colorado against Charles William and Loraine Ledford for their unpaid federal income tax liabilities (Form 1040) for the 1998, 1999,

2001 and 2002 tax years.

54.     Despite the purported acquisition of the Parcel 1 by Dos Milagros Trust II, as set forth in paragraphs 23, 28, 33 and 38 above, Charles W. Ledford and/or Loraine Ledford continued, and continue, to exercise dominion and control over the subject property such that, to the extent that Dos Milagros Trust II held title to the subject property, it did so as a mere nominee, alter ego, or transferee under Co. Rev. Stat. Ann. § 38-8-101, of Charles W. Ledford and/or Loraine Ledford; therefore, any purported interest of Dos Milagros Trust II in the subject property should be disregarded and Charles W. Ledford and/or Loraine Ledford should be recognized as the true beneficial owner of their respective interests in the subject property.  The Dos Milagros Trust II has no right, title, or interest in the subject property, except as the nominee, alter ego or transferee of Charles and Loraine Ledford.

55.     Dos Milagros Trust II does not have a federal employment tax identification number (EIN) and has not filed returns with the IRS and there is additional evidence that Don Milagros Trust II is a nominee or fraudulent transferee of the Taxpayers.  Charles and Loraine Ledford continue to maintain their personal residence on Parcel 1, continue to pay for costs and taxes associated with Parcel 1 personally or through their nominee(s), and were paid only nominal consideration ("$21.00 in gold and silver") for Parcel 1, the value of which far exceeds $21.00, all at a time when should have reasonably known they had incurred debts beyond their ability to pay.  Moreover, the Ledfords were aware of numerous outstanding tax assessments against them at the time of the transfer and made the purported transfer with the "actual intent to hinder, delay, or defraud" their creditors, including the United States as set forth at Colo. Rev. Stat. 38-8-105(1)(a).

56.     The Notices of Federal Tax Lien described in paragraphs 50 through 53 above have priority over all interests in the real property at issue acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

57.     Pursuant to 26 U.S.C. § 7403(c), the United States is entitled to foreclose its federal tax liens upon Parcel 1 and property rights described above and to receive the proceeds from the sale of the property to be applied towards satisfaction of the outstanding and unpaid tax assessments against Charles Ledford and Loraine Ledford.  The tax liens arising from the assessments described in paragraphs 47 through 51 above have priority over all interests in the real property at issue acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

## COUNT 2:
## FORECLOSURE OF FEDERAL TAX LIENS ON PARCEL 2

58.     The United States restates and realleges paragraphs 1 through 57 as if fully set forth herein.

59.     Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of assessments set forth in paragraphs 5 and 6 above and attached to all property and rights to property of defendants Charles W. Ledford and Loraine Ledford, including the real property identified in paragraph 18 above.

60.     On November 20, 2000 the IRS filed a Notice of Federal Tax Lien with IRS Serial Number 840069955 with the Teller County Clerk and Recorder in Cripple Creek, Colorado against Charles W. Ledford for unpaid income tax liabilities (Form 1040) for the 1992 through 1995 tax years, and for unpaid civil tax penalties assessed under 26 U.S.C. § 6702 for

filing frivolous tax returns for the 1983 through 1993 tax years.

61.     On November 20, 2000, the IRS filed a Notice of Federal Tax Lien with IRS Serial Number 840069956 with the Teller County Clerk and Recorder in Cripple Creek, Colorado against Loraine Ledford for unpaid income tax liabilities (Form 1040) for the 1992 through 1995 tax years, and for unpaid civil tax penalties assessed under 26 U.S.C. § 6702 for filing frivolous tax returns for the 1983 through 1993 tax years.

62.     On November 28, 2005, the IRS re-filed a Notice of Federal Tax Lien with the Teller County Clerk and Recorder in Cripple Creek, Colorado against Charles W. Ledford for unpaid civil tax penalties assessed under 26 U.S.C. § 6702 for filing frivolous tax returns for the 1983 through 1988 tax years.

63.     On September 11, 2006, the IRS filed a Notice of Federal Tax Lien with the Teller County Clerk and Recorder in Cripple Creek, Colorado against Charles William and Loraine Ledford for their unpaid federal income tax liabilities (Form 1040) for the 1998, 1999, 2001 and 2002 tax years.

64.     At the time of the purported transfer of Parcel 2 to Dos Milagros Trust II, Parcel 2 was subject to valid Notices of Federal Tax Lien, described above in paragraphs 60 and 61 above, which were duly recorded, providing notice to all subsequent purchasers.

65.     The tax liens described in paragraphs 59 through 61 above have priority over all interests in the real property at issue acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

66.     Ted Phillips and Carol Phillips took title to the Parcel 2 of the Subject Property subsequent to the recordation of the federal tax liens against Charles Ledford and Loraine Ledford with the Clerk and Recorders Office for Teller County.

67.    Park State Bank and Trust recorded its deed of trust to Parcel 2 subsequent to the recordation of the federal tax liens against Charles Ledford and Loraine Ledford with the Clerk and Recorders Office for Teller County.

68.    The United States may foreclose its federal tax liens on property held by a subsequent purchaser if the federal tax liens are recorded prior to the date of purchase; therefore the United States may foreclose its federal tax liens against Charles W. Ledford and Loraine Ledford on Parcel 2 and receive the proceeds from the sale of the property to be applied towards satisfaction of the outstanding and unpaid tax assessments against Charles Ledford and Loraine Ledford.

69.    Pursuant to 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale for the Parcel 2 in order to enforce its tax liens.

WHEREFORE, the plaintiff United States requests entry of judgment in its favor as follows:

(a)  That the Court enter Judgment against Charles W. Ledford, that the Court determine that Dos Milagros Trust II is the nominee of Charles W. Ledford and/or Loraine Ledford, find that Charles W. Ledford and/or Loraine Ledford are the true and beneficial owners of the Parcel 1, and disregard the purported interest of Dos Milagros Trust II in the subject property;

(b)  Alternatively, that the Court determine and adjudge that the transfer of Parcel 1 to the name of Dos Milagros Trust II was and is fraudulent under Co. Rev. Stat. Ann. § 38-8-101, and that the transfer is utterly null and void and of no effect as to the rights of the United States as creditor of the , and that the transfer be set aside;

(c)  That the Court determine that the United States' interest in the Parcel 2 is superior to

- 15 -

any interest of the Park State Bank and Trust, Ted Phillips and/or Carol Phillips;

(d)  That the federal tax liens against the interests of defendants Charles W. Ledford,  and

Loraine Ledford in the subject property, described in paragraph 18, be foreclosed, that the

subject property be ordered sold, and that the proceeds from such sale be distributed in

accordance with the Court's findings as to the validity and priority of the liens and claims of all

parties;

(e)  That, to the extent proceeds from the sale of the subject property distributed to the

United States fail to satisfy the tax liens against defendants Charles W. Ledford, and/or Loraine

Ledford, a deficiency judgment in that amount be entered against such defendant(s);

(f) That the Court issue an order evicting the current occupants from Parcel 1 and Parcel

2 to facilitate possession of the properties by a bona fide purchaser; and


///

///

///

(g)  That the United States be awarded its costs and such other further relief as is just and proper.

Dated this 10th day of June, 2010.

DAVID GAOUETTE
United States Attorney

MARK S. PESTAL
Assistant United States Attorney

By:      s/ Aaron M. Bailey
AARON M. BAILEY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C. 20044
(202) 514-6507
(202) 307-0054 (fax)
aaron.m.bailey@usdoj.gov

17