IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01351-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES W. LEDFORD, individually and as Trustee of Dos Milagros Trust II,
LORAINE LEDFORD,
DOS MILAGROS TRUST II, and
PARK STATE BANK & TRUST,

    Defendants.

and

TED PHILLIPS, and
CAROL PHILLIPS,

    Cross Claimants,

v.

CHARLES W. LEDFORD, individually and as Trustee of Dos Milagros Trust II,
LORAINE LEDFORD, and
DOS MILAGROS TRUST II,

    Cross Defendants.

_____

**ORDER**
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 87] filed on July 13, 2011, which recommends that the Court grant the plaintiff United States' motion for summary judgment [Docket No. 56] against defendants Charles W. Ledford, Loraine Ledford, and

Dos Milagros Trust II ("DMT"). This matter also comes before the Court on the motion for summary judgment or, alternatively, for default judgment [Docket No. 60] filed by cross claimants Ted Phillips and Carol Phillips.

## I. BRIEF BACKGROUND

The United States initiated this action on June 10, 2010 to foreclose federal tax liens on real property located in Florissant, Colorado. The tax liens arose out of assessments against defendants Charles W. Ledford and Loraine Ledford for unpaid income taxes during numerous years between 1983 and 2002. In July 2007, the United States initiated a suit in this Court to reduce these assessments to judgment and to foreclose on certain commercial property owned by the Ledfords. *See United States v. Charles Ledford, et al.*, Civil Action No. 07-cv-01568-WYD-KMT. Judgment entered in an amount exceeding $2 million against both Charles and Loraine Ledford on March 11, 2010. *See* Docket No. 107 in No. 07-cv-01568-WYD-KMT. The United States received partial payment on the judgment through foreclosure on the commercial property.

Through the present action, the United States seeks to foreclose on property located at 168 Fetlock Circle in Florrisant. The Ledfords purchased the parcels comprising this property in 1993 and 1994 and then, in early 2000, deeded the parcels to Dos Milagros Trust I, which then deeded the property back to the Ledfords. The Ledfords deeded the property to defendant DMT at the end of 2000, but still reside on and maintain the property. The United States also sought to foreclose on property at 95 Fetlock Circle that was previously owned by the Ledfords and which is now owned

by former defendants and cross claimants Ted Phillips and Carol Phillips (the "cross claimants"). The cross claimants settled with the United States for $175,000 and now seek that amount from the Ledfords and DMT.

## II. UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The Recommendation concluded that the United States was seeking to enforce a valid tax lien against property in which the Ledfords retained an interest. The Ledfords challenge the validity of the lien, objecting to the magistrate judge's refusal to review tax returns submitted by the Ledfords in support of their argument that they did not, in fact, owe taxes. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").[1] In other words, the Ledfords seek to re-litigate their underlying tax liability for the years at issue, liability that was decided against them in Civil Case No. 07-cv-01568-WYD-KMT.[2] However, "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year." *Commissioner of Internal Revenue Service v. Sunnen*, 333 U.S. 591, 598 (1948); *see United Stats v. Kitsos*, 770 F.Supp. 1230, 1234 (N.D. Ill. 1991) (stating that, "[a]lthough [defendant] purports to challenge the existence of his tax liabilities here, it has been firmly established for

---

[1] In light of the Ledfords' pro se status, the Court liberally construes their pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but may not act as their advocate. *See Hall*, 935 F.2d at 1110.

[2] On March 25, 2005, defendant Charles Ledford pled guilty to conspiracy to commit tax fraud for tax years 1992 through 2002 in violation of 18 U.S.C. § 371. The arguments here also appear to collaterally attack that guilty plea.

nearly a half century that claim preclusion — res judicata — forecloses any such attack"). In short, the Ledfords are barred from collaterally attacking the judgment against them for unpaid taxes. Furthermore, the magistrate judge found that the Ledfords retained an interest in the real property at issue in this case. The Ledfords have interposed no objection to that conclusion, and the Court has identified "no clear error on the face of the record" in regard to that aspect of the Recommendation.[3] Therefore, the Court will accept the Recommendation and grant summary judgment to the United States and against the Ledfords.[4]

As for defendant DMT, the United States contends that it is an alter ego or nominee of Mr. Ledford or received its interest in the property pursuant to a fraudulent transfer. The magistrate judge recommended that summary judgment enter against DMT, and DMT has not filed an objection. In the absence of an objection, the district

---

[3] The Ledfords assert, for the first time, that this Court lacks subject matter jurisdiction because the Secretary of the Treasury was not authorized to foreclose tax liens in this Court after a 2000 elimination of revenue districts. *Cf. Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (stating that, if "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue"). The Ledfords' argument has no merit. *See United States v. Zdun*, 2011 WL 609794, at *2 (D. Or. Feb. 14, 2011) (rejecting the same argument and concluding that "elimination of internal revenue districts and director positions does not obstruct the Secretary's ability to assess taxes"); *Nelson v. Internal Revenue Service*, 108 A.F.T.R.2d 2011-5123, 2010 WL 7096091 (N.D. Ala. Sep. 13, 2010) ("[P]laintiff alleges that the revenue officer lacked delegation of enforcement authority because internal revenue districts and district directors were terminated in 2000. This argument has no merit and relies on an erroneous reading of the Restructuring and Reform Act of 1998 — this Act merely restructured the IRS and did nothing to eliminate the authority of revenue officers to enforce the internal revenue laws."); *see also United States v. Barry*, 371 F. App'x 3, 8-9 (11th Cir. 2010).

[4] On July 12, 2010, defendant Park State Bank and Trust disclaimed any interest in the real property at issue here. *See* Docket No. 5. Therefore, the Court will dismiss the United States' action as to defendant Park State Bank and Trust.

court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[5]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Therefore, the Court will grant the United States' motion for summary judgment as to defendant DMT.

### III.  CROSS CLAIMANTS' MOTION FOR SUMMARY JUDGMENT

The only remaining claim is the crossclaim alleging a breach of warranty against the Ledfords and DMT.  The cross claimants contend that the existence of the tax liens on the property of 95 Fetlock Circle constituted a violation of covenants contained in warranty deeds executed by the Ledfords and DMT.  As a result of that violation, the cross claimaints aver that they suffered $175,000 in damages, the amount they paid to settle the United States' claim against them in this action.  They now seek summary judgment or, alternatively, default judgment on their claim.  *See* Docket No. 60.

The Court has exercised supplemental jurisdiction over this crossclaim pursuant to 28 U.S.C. § 1367(a), which provides that, "in any civil action of which the district

---

[5]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[6]  A district court, however, may decline to exercise supplemental jurisdiction when, among other reasons, it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

As a general proposition, "[p]endent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants."  *Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997); *see United International Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000) ("Once federal question jurisdiction exists, it is within the trial court's discretion to exercise supplemental jurisdiction over those state law claims that derive from a common nucleus of facts.").  The cross claimants contend that the "interests of 'judicial economy, fairness, convenience and comity' weigh heavily in favor of this Court exercising supplemental jurisdiction to hear the . . . crossclaim."  Docket No. 86 at 4.  In the specific context of § 1367(c)(3), however, the Tenth Circuit has concluded that, "[i]f federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'"  *Bauchman*, 132 F.3d at 549 (quoting *Carnegie-Mellon University v. Cohill*,

---

[6]*Cf.* Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.  The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.").

484 U.S. 343, 350 (1988)); *see Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (stating that, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims" after dismissing federal claims) (cited by *Cohon ex rel. Bass v. New Mexico*, 646 F.3d 717, 723 (10th Cir. 2011)). "'[N]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'"  *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)); *Endris v. Sheridan County Police Dep't*, 2011 WL 441694, at *2 (10th Cir. Feb. 9, 2011) (concluding that "any state-law claims for assault and battery or mental and emotional injury were *inappropriate* subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed.") (citing *Brooks*, 614 F.3d at 1229) (footnote omitted and emphasis added).

      The Court concludes that any potential delay or duplication resulting from a dismissal without prejudice does not constitute a compelling reason to retain jurisdiction.  *See Hamilton v. Upper Crust, Inc.*, 2011 WL 3880932, at *10 (N.D. Okla. Sep. 2, 2011) ("The Court finds that the Tenth Circuit's expressed preference for declining pendent jurisdiction outweighs the parties' slight interest in preventing delay."); *cf. Merrifield v. Board of County Comm'rs for County of Santa Fe*, 654 F.3d 1073, 1086 (10th Cir. 2011).  Moreover, the Court notes that "Colorado law recognizes if a plaintiff asserts all of his or her claims, including state law claims, in federal court, and the federal court declines to exercise supplemental jurisdiction over the state claims, the plaintiff may refile those claims in state court."  *Brooks*, 614 F.3d at 1230 (citations,

quotation marks and alterations omitted); *see* 28 U.S.C. § 1367(d) (providing that the state law statute of limitations "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period"). For these reasons, the Court will dismiss the crossclaim without prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 87] is ACCEPTED. It is further

**ORDERED** that the plaintiff United States' motion for summary judgment [Docket No. 56] is GRANTED. Judgment shall enter in favor of the United States and against defendants Charles W. Ledford, Loraine Ledford, and Dos Milagros Trust II (as nominee). The United States' tax liens shall be foreclosed on the property at 168 Fetlock Circle, Florissant, Colorado free and clear of any interest of defendants Charles W. Ledford, Loraine Ledford, and Dos Milagros Trust II. It is further

**ORDERED** that this action shall be dismissed as to defendant Park State Bank & Trust. It is further

**ORDERED** that the crossclaim by cross claimants Ted Phillips and Carol Phillips against Charles W. Ledford, Loraine Ledford, and Dos Milagros Trust II is dismissed without prejudice and the cross claimants' motion for summary judgment or, alternatively, for default judgment [Docket No. 60] is denied as moot. It is further

**ORDERED** that this case shall be closed in its entirety.

DATED March 30, 2012.

          BY THE COURT:

           s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge