IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01351-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES W. LEDFORD, individually and as Trustee of Dos Milagros Trust II,
LORAINE LEDFORD,
DOS MILAGROS TRUST II, and
PARK STATE BANK & TRUST,

    Defendants.

v.

CHARLES W. LEDFORD, individually and as Trustee of Dos Milagros Trust II,
LORAINE LEDFORD, and
DOS MILAGROS TRUST II,

    Cross Defendants.

___

**ORDER**
___

This matter is before the Court on the Motion for Order of Sale [Docket No. 93] filed by plaintiff the United States of America and the Motions to Release Liens [Docket Nos. 95, 96] filed by defendants Charles W. Ledford and Loraine Ledford (the "Ledfords").

In July 2007, the United States of America initiated a related lawsuit, *United States v. Charles Ledford, et al.*, Civil Action No. 07-cv-01568-WYD-KMT, to reduce federal tax assessments against the Ledfords into judgments and to foreclose on

federal tax liens. The Ledfords' tax liens arose out of assessments for unpaid income taxes between 1983 and 2002. On March 11, 2010, judgment entered against the Ledfords in the related lawsuit for an amount exceeding $4 million. See Civil Action No. 07-cv-01568-WYD-KMT [Docket No. 107 amended by Docket No. 114].

On June 10, 2010, plaintiff initiated this case seeking to foreclose federal tax liens arising out of the judgment in the related lawsuit. Docket No. 1. On March 30, 2012, the Court entered summary judgment [Docket No. 91] in favor of plaintiff and foreclosed the United States' tax liens on real property located at 168 Fetlock Circle, Florissant, Colorado ("the Residence"). In the present motion, pursuant to 28 U.S.C. §§ 2001 and 2002, plaintiff seeks an order of sale for the Residence. See Docket No. 93 at 2.

On May 30, 2012, the Ledfords filed motions to remove the liens and judgments encumbering the Residence. Docket Nos. 95, 96. In their motions, the Ledfords claim that they delivered a check to the Clerk of the Court in the amount of $5,978,973.00 from a bank account in the name of George T. Brokaw and Debra Brokaw. Docket No. 95 at 5; Docket No. 96 at 7. The Ledfords claim that the check delivered to the Clerk of the Court satisfies the entirety of the judgment entered against them in *United States v. Charles Ledford, et al.*, Civil Action No. 07-cv-01568-WYD-KMT. See Docket No. 95 at 8; Docket No. 96 at 10. The Ledfords assert that, because the check satisfies their obligations from the underlying judgment, the Court should remove all encumbrances attached to the Residence. Docket No. 95 at 1; Docket No. 96 at 1.

The check delivered by the Ledfords is marked "Not for deposit." Docket No. 96 at 7. In addition, there is no evidence that the check delivered by the Ledfords is

enforceable or valid and may be deposited by the Clerk of the Court.  Moreover, an affidavit from Roseanne Miller, a technical services advisor with the Internal Revenue Service ("IRS"), states that the Ledfords remain indebted to the IRS "for amounts totaling $2,088,861.15 and $2,216,744.12, respectively."  Docket No. 97-1 at 1-2, ¶ 2.  Because there is no evidence as to the validity of the check and a representative from the IRS has testified that the Ledfords' debt remains outstanding, the Ledfords have not shown that they have satisfied the terms of the judgment entered against them in Civil Action No. 07-cv-01568-WYD-KMT.  Accordingly, the Court will deny the Ledfords' motions to remove the liens and other encumbrances on the Residence.

As noted above, the Court's order on the motion for summary judgment [Docket No. 91] foreclosed the United States' tax liens on the Residence.  In light of this order, the Court will grant plaintiff's motion for an order of sale.

Based on the foregoing, it is

**ORDERED** that the United States' Motion for Order of Foreclosure and Judicial Sale [Docket No. 93] is **GRANTED**.  It is further

**ORDERED** that the Notice of Filing of Electronic Funds Transfer Instrument to Set off of Debt in Civil Cases and Motion to Release Liens, Judgments and Encumbrances [Docket No. 95] is **DENIED**.  It is further

**ORDERED** that the Motion for Removal of Liens, Judgments, and Other Encumbrances [Docket No. 96] is **DENIED**.  It is further

**ORDERED** that the United States' Request for Entry of Order [Docket No. 99] is **DENIED as moot**.  It is further

**ORDERED** that the Internal Revenue Service is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale the parcel of real property located at 168 Fetlock Circle, Florissant, Colorado 80816 to satisfy liens attached to the property, as follows:

1.  The United States' federal tax liens against Charles Ledford and Loraine Ledford arising out of the Internal Revenue Service assessment of federal income tax penalties for the years 1983 through 1992, and federal income tax liabilities against for the 1993, 1994, 1995, 1998, 1999, 2000 and 2001 tax years, and the United States' judgment liens against Charles Ledford and Loraine Ledford, arising out of the United States' judgment in the civil action *United States v. Charles Ledford, et al.*, 07-cv-01568-WYD-KMT (D. Colo. 2007), are foreclosed.

2.  The United States Marshal for the District of Colorado, his representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the following real property, located at 168 Fetlock Circle, Florissant, Colorado 80816 (referred to hereinafter as "the Property"), and more particularly described as:

> Lots 19, 20, 21, and 37, Ranch Resorts of Colorado Subdivision
> Filing No. 2, County of Teller, State of Colorado

3.  The United States Marshal for the District of Colorado, his representative, or a PALS, are authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property.  The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale.  The Marshal, his representative, or a PALS representative

is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

    4.  The terms and conditions of the sale shall be:

        a.  the sale of the Property shall be free and clear of the interests of Charles Ledford, Loraine Ledford and Dos Milagros Trust II;

        b.  the sale shall be subject to building liens, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

        c.  the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

        d.  the date and time for sale are to be announced by the United States Marshal, his representative, or a PALS representative;

        e.  notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Teller County, and, at the discretion of the Marshal, his representative, or a PALS, by any other notice deemed appropriate.  The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

        f.  the minimum bid will be set by the Internal Revenue Service for the Property.  If the minimum bid is not met or exceeded, the Marshal, his representative,

5

or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

      g.  the successful bidder for the Property shall be required to deposit at the time of the same with the Marshal, his representative, or a PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the District of Colorado.  Before being permitted to bid at the sale, bidders shall display to the Marshal, his representative, or a PALS proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

      h.  the balance of the purchase price for the Property is to be paid to the United States Marshal or a PALS (whichever person is conducting the sale) within twenty days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Colorado.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Charles Ledford and Loraine Ledford at issue herein.  The Property shall be again offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder.  The United States may bid as a credit against its judgment without tender of cash;

      i. the sale of the Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within thirty days from the date of receipt of the balance of the purchase price;

      j. on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the Property to the purchaser;

      k.  on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

      l. on confirmation of the sale, the recorder of deeds, Teller County, Colorado, shall cause transfer of the Property to be reflected upon that county's register of title; and

      m.  the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

    5.  Until the Property is sold, Charles Ledford and Loraine Ledford shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect

the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

      6.  All persons occupying the Property shall leave and vacate the Property permanently within thirty days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such Property is being conducted by a PALS.  Specifically, the United States Marshal (or his designee) is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Charles Ledford and Loraine Ledford, and any occupants.  To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary.  When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Property, he shall relinquish possession and custody of the Property to the Internal Revenue Service, or its designee.  No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees.  Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal without further order of the Court.

   7. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

   8. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

   a. To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale;

   b. To all taxes unpaid and matured that are owed to Teller County for real property taxes on the property;

   c. To the United States for federal income tax liabilities of Charles Ledford and Loraine Ledford, plus all interest and penalties due and owing thereon;

   d. Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

   DATED February 6, 2013.

                                    BY THE COURT:


                                     s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge