IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01351-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES W. LEDFORD, individually and as Trustee of Dos Milagros Trust II,
LORAINE LEDFORD,
DOS MILAGROS TRUST II, and
PARK STATE BANK & TRUST,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on the United States' Motion for Confirmation and Distribution of Proceeds of Judicial Sale [Docket No. 115] filed by plaintiff United States of America and the Objection to United States' Motion for Confirmation of Sale [Docket No. 117] filed by defendant Charles W. Ledford.  On February 6, 2013, the Court entered an Order of Judicial Sale [Docket No. 100].  The Order directed the Internal Revenue Service to sell property of the judgment debtors Charles and Loraine Ledford and report the sale to the Court.  The Order permitted the sale of the property commonly known as 168 Fetlock Circle, Florissant, Teller County, Colorado, described as follows:

    Lots 19, 20, 21, and 37, Ranch Resorts of Colorado Subdivision
    Filing No. 2, County of Teller, State of Colorado

The United States has reported, and the Court so finds, that the sale was publicized in accordance with 28 U.S.C. § 2001 and properly conducted. For four weeks prior to May 21, 2013, a newspaper of general circulation in Teller County published notice of the sale.

On May 21, 2013, at 2:00 p.m at 168 Fetlock Circle, Florissant, Colorado, the United States offered the subject property for sale at public auction to the highest bidder. Two bidders attended the auction. The successful bidders, Darren and Graznya Moore ("the Moores"), bid $205,000 for the subject property. The Moores have paid the required deposit of $28,500 and the balance of the purchase price, $176,500, to Officer Darlene Jones, who then deposited the funds with the Court. These funds were paid and deposited with the Court on May 22 and May 30, 2013 [Docket Nos. 111, 112].

On June 18, 2013, Mr. Ledford filed a motion objecting to the distribution of proceeds from the judicial sale. In his objection, Mr. Ledford states that he is entitled to reimbursement from the sale proceeds because of his "maintenance and upkeep" of the property. *See* Docket No. 117 at 2-3. The Court finds Mr. Ledford's argument unpersuasive. Given that the Court entered summary judgment [Docket No. 91] in favor of plaintiff and foreclosed the United States' tax liens on the property, Mr. Ledford has provided no legal authority to show that he is entitled to a setoff from the proceeds of the sale. Moreover, Mr. Ledford does not argue that plaintiff's sale failed to comply with the requirements of 28 U.S.C. §§ 2001, 2002. Accordingly, the Court will deny Mr. Ledford's motion.

In accordance with the foregoing, and for good cause shown, it is

**ORDERED** that the United States' Motion for Confirmation and Distribution of Proceeds of Judicial Sale [Docket No. 115] is **GRANTED**. It is further

**ORDERED** that the Objection to United States' Motion for Confirmation and Distribution of Proceeds of Judicial Sale and Motion for Distribution of Proceeds of Judicial Sale for Maintenance and Upkeep [Docket No. 117] is **DENIED**. It is further

**ORDERED** that the sale on May 21, 2013 of the real property commonly known as 168 Fetlock Circle, Florissant, Colorado was properly conducted. The sale is hereby confirmed. It is further

**ORDERED** that the Internal Revenue Service is authorized to execute and deliver to the purchasers a Certificate of Sale and Deed conveying the real property commonly known as 168 Fetlock Circle, Florissant, Colorado to them or to their assignee. It is further

**ORDERED** that, on delivery of the Certificate of Sale and Deed, all interests in, liens against, or claims to the subject property that are held or asserted in this action by the plaintiff or any of the defendants are discharged. On delivery of the Certificate of Sale and Deed, the real property commonly known as 168 Fetlock Circle, Florissant, Colorado shall be free and clear of the interests of defendants Charles Ledford, Loraine Ledford, and Dos Milagros Trust II. It is further

**ORDERED** that possession of the property sold shall be yielded to the purchasers upon the production of a copy of the Certificate of Sale and Deed, and if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this Court to compel delivery of the property to the purchasers. It is further

**ORDERED** that the Clerk shall distribute the funds on deposit in this case as follows:

    a. First, by check made payable to the Internal Revenue Service in the amount of $502.78 for costs of sale, mailed to:

> IRS
> Attn: Darlene Jones
> PALS
> 4041 N. Central Avenue, M/S 5021
> Phoenix, AZ 85012-3330

    b. Second, the entire remaining balance, for application to the judgment debt in this case, by check made payable to the United States Treasury, mailed to:

> Tax FLU, Office of Review
> Department of Justice
> P.O. Box 310
> Ben Franklin Station
> Washington DC  20044-0310

DATED June 20, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge